IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JEREMY THOMASON,             )
                                 )
     Plaintiff,            )
                                 )
     v.                         )          Case No.  22-cv-834-RJD
                                 )
DONNA LYNN ALLISON, SARA STOVER,)
WEXFORD HEALTH SOURCES, INC.,   )
ASHLEY LACKEY and WARDEN OF     )
LAWRENCE CORRECTIONAL CENTER,  )
                               )
     Defendants.       )

## ORDER

**DALY, Magistrate Judge:**

Plaintiff Jeremy Thomason, an inmate in the custody of the Illinois Department of Corrections ("IDOC"), filed this lawsuit pursuant to 42 U.S.C. § 1983 alleging he was provided inadequate medical treatment for an injury he sustained to the middle finger on his right hand. Plaintiff is proceeding on the following claims set forth in his First Amended Complaint (*see* Docs. 59, 60):

| | |
|---|---|
| Count 1: | Eighth Amendment claim against Allison, Stover, and Lackey for exhibiting deliberate indifference to Plaintiff's serious medical needs relating to his May 2, 2021 finger injury. |
| Count 2: | Eighth Amendment claim against Wexford for a policy or practice of failing to provide adequate, qualified medical staff that resulted in a denial of constitutionally adequate medical care for Plaintiff's May 2, 2021 finger injury. |
| Count 3: | State law claim against Allison, Stover, and Lackey for providing negligent medical care for Plaintiff's May 2, 2021 finger injury. |
| Count 4: | State law claim against Wexford for the negligent medical care provided by its employees for Plaintiff's May 2, 2021 finger injury. |

Count 5:    State law claim of intentional infliction of emotional distress against Allison, Lackey, and Stover related to their provision of medical treatment for Plaintiff's May 2, 2021 finger injury.

This matter is now before the Court on the Motion for Summary Judgment filed by Defendant Lackey (Doc. 72) and the Motion for Judgment on the Pleadings filed by Defendants Stover and Allison (Doc. 74).   For the reasons set forth below, the Motion for Summary Judgment is **GRANTED** as to Count One against Defendant Lackey, and the Motion for Judgment on the Pleadings is **DENIED**.

## MOTION FOR JUDGMENT ON THE PLEADINGS (DOC. 74)

Defendants Stover and Allison contend they are entitled to judgment on the pleadings as to Counts One and Three.   In support of their motion, Defendants set forth the allegations in the Amended Complaint detailing the medical treatment they provided to Plaintiff, and assert that the allegations do not support a finding of medical negligence or deliberate indifference.   Plaintiff responded to Defendants' motion, asserting his allegations support such claims.

Defendants Stover and Allison bring their motion under Federal Rule of Civil Procedure 12(c).   Rule 12(c) permits a party to move for judgment after the complaint and answer have been filed.   *See* Fed. R. Civ. P. 12(c).   A Rule 12(c) motion tests the sufficiency of the claims based on the pleadings.   *Hayes v. City of Chicago*, 670 F.3d 810, 813 (7th Cir. 2012).   In reviewing a 12(c) motion, the court takes all facts pleaded in the complaint as true and "draws all reasonable inferences and facts in favor of the nonmovant."   *Wagner v. Teva Pharm. USA, Inc.*, 840 F.3d 355, 358 (7th Cir. 2016).   A motion for judgment on the pleadings will be granted when it is clear that the non-moving party cannot prove any set of facts sufficient to support its claim.   *Hayes*, 670 F.3d at 813.

***Count One – Eighth Amendment Deliberate Indifference***

First, the Court considers Plaintiff's claim of deliberate indifference. To state a claim of deliberate indifference, a plaintiff must allege: (1) he was suffering from an objectively serious medical condition, and (2) the defendants were deliberately indifferent to this condition. *Pyles v. Fahim*, 771 F.3d 403, 409 (7th Cir. 2014). The first element is not at issue here, as conceded in Defendants' motion. With regard to the second element, "[d]eliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain'." *Estelle*, 429 U.S. at 104 (quoting *Gregg v. Georgia*, 428 U.S. 153, 173 (1976)). "The infliction of suffering on prisoners can be found to violate the Eighth Amendment only if that infliction is either deliberate, or reckless in the criminal law sense." *Duckworth v. Franzen*, 780 F.2d 645, 652-53 (7th Cir. 1985). Negligence, gross negligence, or even recklessness as that term is used in tort cases, is not enough. *Id.* at 653; *Shockley v. Jones*, 823, F.2d 1068, 1072 (7th Cir. 1987).

With regard to Defendant Nurse Allison, Plaintiff alleges he saw Allison to address his finger injury on May 3, 2021. According to Plaintiff, his finger was visibly crooked and discolored, and he advised Allison he believed it was broken. Nurse Allison allegedly told Plaintiff his finger looked "pretty messed up," and indicated there was "nothing much they could do"; however, Plaintiff asserts Allison proceeded to create a "make-shift" splint for his finger and provided Plaintiff with Tylenol. Plaintiff alleges Allison did not provide any ice for his injury.

Defendant Allison argues these allegations do not state a claim for relief under the Eighth Amendment for deliberate indifference as she addressed Plaintiff's concerns and rendered treatment for his finger injury. In response to Defendants' motion, Plaintiff asserts Allison was deliberately indifferent in failing to provide pain medication stronger than Tylenol and in failing to provide "proper" treatment for his injury, including using a "proper," rather than a makeshift

Page **3** of **13**

splint.

It is well settled that to state a claim for deliberate indifference a plaintiff does not have to prove that his complaints were "literally ignored," but only that "the defendants' responses were so plainly inappropriate as to permit the inference that the defendants intentionally or recklessly disregarded his needs." *Hayes,* 546 F.3d at 524 (quoting *Sherrod v. Lingle*, 223 F.3d 605, 611 (7th Cir. 2000)). The Court cannot say, on the brief record before it, that Defendant Allison's response to Plaintiff's injury met Eighth Amendment muster. Indeed, it is not clear whether Plaintiff should have been provided additional diagnostic resources, different pain medication, or received some other treatment regimen, particularly in light of the fact that Plaintiff alleges his finger injury was not improving by June 2021 and he alleges he needs surgery for the same. As such, though the Court recognizes Defendant Allison's limited involvement in Plaintiff's treatment, Plaintiff has stated a plausible Eighth Amendment claim against this Defendant.

With regard to Defendant Nurse Stover, Plaintiff first saw Stover for his finger injury on May 5, 2021. Plaintiff asserts Stover changed his finger splint. Plaintiff saw Stover again on May 7, 2021, wherein Plaintiff advised Stover he was in constant pain and Stover provided Plaintiff with Ibuprofen and Tylenol. Stover sent Plaintiff for an x-ray on May 7, 2021. Plaintiff alleges he saw Stover again on May 10, 2021 and advised he was still in a lot of pain, but Stover ignored his complaints and merely advised she had not received the x-ray results. Plaintiff saw Stover again on May 24, 2021, alleging he again informed Stover he was experiencing pain, and she informed Plaintiff he fractured his finger and "repeated the process" (meaning Stover presumably changed his splint). Plaintiff received another x-ray on June 16, 2021, and Plaintiff was informed by Stover on June 25, 2021 that his fracture had not improved. Stover again placed another splint on Plaintiff's finger.

Stover again relies on the treatment Plaintiff alleges she rendered in establishing she was not deliberately indifferent to Plaintiff's condition.   However, at this stage, the Court cannot discern whether Stover acted with deliberate indifference to Plaintiff's repeated complaints of pain, or whether she should have employed another treatment regimen or involved another practitioner, particularly in light of Plaintiff's ongoing complaints and allegations that his finger must now be corrected with surgery.   As such, while the Court acknowledges that Stover did render some medical treatment for Plaintiff, at this stage in the proceedings, Plaintiff has stated a plausible Eighth Amendment claim against Defendant Stover.

### Count Three – Illinois State Law Claim of Negligence

An Illinois medical negligence claim requires the plaintiff to show: (1) the applicable standard of care; (2) that the defendant breached the standard of care and was negligent; and (3) the breach was a proximate cause of the plaintiff's injury.   *Chambers v. Ingram*, 858 F.2d 351, 355 (7th Cir. 1988).

Defendants Allison and Stover complain that Plaintiff failed to adequately plead the proper standard of care relative to their conduct and, as such, they contend Plaintiff failed to state a claim of negligence against them.   The Court disagrees.   Pursuant to Federal Rule of Civil Procedure 8(a), Plaintiff need only provide a short and plain statement of the claim with sufficient factual content to suggest that he is entitled to relief.   There is no requirement that Plaintiff perfectly plead each element of the claim he must prove.   Here, Plaintiff's complaint includes allegations against both Stover and Allison sufficient to plausibly suggest that they breached the applicable standard of care.   Indeed, Plaintiff alleges Stover failed to provide Plaintiff proper medical treatment and that Allison failed to "provide or refer proper medical treatment."   The fact that Plaintiff did not include precise language concerning "standard of care" is not dispositive.   *See*

*Flowers v. Wexford Health Sources, Inc.*, Case No. 19-C-6423, 2021 WL 3418845, at *3-4 (N.D. Ill. Aug. 5, 2021).

Defendants also argue that Plaintiff's failure to attach an affidavit from a health professional to his complaint, along with a certificate and written report detailing the factual basis for his claim of medical negligence pursuant to 735 ILCS § 5/2-622, must result in dismissal of his claims of medical negligence. The Court finds this argument unavailing. Indeed, in the Court's initial screening order, the Court explained that while Plaintiff must comply with this statutory provision by the summary judgment stage, it is not required at the time the complaint is filed. *Young v. United States*, 942 F.3d 349 (7th Cir. 2019). As remarked by the Seventh Circuit in *Young*, a party's request for summary judgment as an alternative to a motion to dismiss puts the opposing party on notice of the need for an affidavit and report, and the opposing party may seek additional time to comply. 942 F.3d at 352. The Court also notes that a motion for summary judgment may be filed "at any time until 30 days after the close of all discovery" Fed. R. Civ. P. 56(b).

Based on the foregoing, the Court finds Plaintiff has stated a plausible claim of medical negligence against Defendants Allison and Stover.

## MOTION FOR SUMMARY JUDGMENT (DOC. 72)

Defendant Lackey filed a motion for summary judgment arguing Plaintiff failed to exhaust his administrative remedies prior to filing this lawsuit (Doc. 72). In support of her motion, Defendant Lackey cites Plaintiff's grievance records and contends that the grievances in Plaintiff's record do not identify or describe her, or describe her alleged actions involved in this lawsuit. Lackey does not dispute that the following grievances exhausted all available administrative remedies and address issues with Plaintiff's medical treatment for his injured finger:

Page **6** of **13**

1. Grievance 05-21-208 dated May 16, 2021 (Doc. 73-1 at 49-56):   In this grievance, Plaintiff explains that he injured his finger on May 2, 2021, and details the medical treatment he received (and issues with the same) through May 11, 2021.   This grievance was fully exhausted when the ARB responded to the same on the merits on July 19, 2021, with IDOC Director Jeffreys concurring in finding it moot.

2. Grievance 07-21-073 dated June 24, 2021 (Doc. 73-1 at 19-25):   In this grievance, Plaintiff complains that his splint has not been changed at appropriate intervals.   This grievance was fully exhausted when the ARB responded to the same on the merits, with IDOC Director Jeffrey's concurrence, on September 21, 2021.

3. Grievances 07-21-058 and 07-21-101 dated June 29, 2021 and July 11, 2021 (Doc. 73-1 at 33-48):   In these grievances, Plaintiff addresses the medical treatment related to his finger injury, and specifically cites examinations with NP Stover on June 25 and June 30, 2021. Plaintiff cites issues having his splint changes regularly.   These grievances were fully exhausted when the ARB responded to the same on the merits, with IDOC Director Jeffrey's concurrence, on August 24, 2021.

4. Grievance 07-21-199 dated July 22, 2021 (Doc. 73-1 at 7-17):   In this grievance, Plaintiff complains that a counselor's response to a previous grievance cited dates that he did not receive medical treatment.   Plaintiff complains that his medical chart was forged.   This grievance was fully exhausted when the ARB responded to the same on the merits, with IDOC Director Jeffrey's concurrence, on September 28, 2021.

5. Grievance 08-21-179 dated August 23, 2021 (Doc. 73-1 at 26-32):   In this grievance, Plaintiff explains that he injured his finger on May 2, 2021, and has complained of pain to "Nurse Dallison, NP Sara Stover, Nurse Carrie Fowler, Nurse Baker, Nurse Harris, and

Nurse Davison."   Plaintiff remarks that despite his complaints, he continues to have severe pain in his finger and hand.   This grievance was fully exhausted when the ARB responded to the same on the merits, with IDOC Director Jeffrey's concurrence, on September 21, 2021.

Plaintiff's response to Defendant Lackey's motion for summary judgment was due by February 22, 2023.   On March 13, 2023, Plaintiff sought an extension of time to respond to the motion (Doc. 76).   The Court granted Plaintiff's motion and ordered him to file his response by April 13, 2023.   The undersigned also advised Plaintiff that his failure to respond to Defendant's motion may be considered as an admission to the merits of the motion under Local Rule 7.1(c) (Doc. 77).   On March 30, 2023, Plaintiff filed a letter advising the Court that he only received notice that the motion for summary judgment was filed, and he had not received a copy of the motion, memorandum, or attached exhibits (Doc. 78).   On July 7, 2023, the Court entered an order directing the Clerk to send Plaintiff a copy of Defendant's motion for summary judgment, memorandum in support, and accompanying exhibits to Plaintiff.   The Court's records indicate that these materials were sent to Plaintiff on July 10, 2023.   The Court also ordered Plaintiff to respond to the motion by August 7, 2023 (*see* Doc. 83).   As of the date of this Order, no response to Defendant Lackey's motion for summary judgment has been received.

## Legal Standards

### *Summary Judgment Standard*

Summary judgment is appropriate only if the moving party can demonstrate "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322(1986); *see also Ruffin-Thompkins v. Experian Information Solutions, Inc.*, 422 F.3d 603, 607 (7th Cir. 2005).   The

moving party bears the initial burden of demonstrating the lack of any genuine issue of material fact. *Celotex*, 477 U.S. at 323. Once a properly supported motion for summary judgment is made, the adverse party "must set forth specific facts showing there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Estate of Simpson v. Gorbett*, 863 F.3d 740, 745 (7th Cir. 2017) (quoting *Anderson*, 477 U.S. at 248). In considering a summary judgment motion, the district court views the facts in the light most favorable to, and draws all reasonable inferences in favor of, the nonmoving party. *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 735 F.3d 962, 965 (7th Cir. 2013) (citation omitted).

### Exhaustion Requirements

Pursuant to 42 U.S.C. § 1997e(a), prisoners are required to exhaust available administrative remedies prior to filing lawsuits in federal court. "[A] prisoner who does not properly take each step within the administrative process has failed to exhaust state remedies." *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002). "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999). "[A]ll dismissals under § 1997e(a) should be without prejudice." *Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004).

An inmate in the custody of the Illinois Department of Corrections must first submit a written grievance within 60 days after the discovery of the incident, occurrence or problem, to his or her institutional counselor, unless certain discrete issues are being grieved. 20 ILL. ADMIN. CODE § 504.810(a). If the complaint is not resolved through a counselor, the grievance is considered by a Grievance Officer who must render a written recommendation to the Chief

Administrative Officer — usually the Warden — within 2 months of receipt, "when reasonably feasible under the circumstances." *Id*. §504.830(e).   The CAO then advises the inmate of a decision on the grievance.   *Id.*

An inmate may appeal the decision of the Chief Administrative Officer in writing within 30 days to the Administrative Review Board for a final decision.   *Id*. §  504.850(a); *see also Dole v. Chandler*, 438 F.3d 804, 806–07 (7th Cir. 2006).   The ARB will submit a written report of its findings and recommendations to the Director who shall review the same and make a final determination within 6 months of receipt of the appeal.   20 ILL. ADMIN. CODE § 504.850(d) and (e).

An inmate may request that a grievance be handled as an emergency by forwarding it directly to the Chief Administrative Officer.   *Id*. § 504.840.   If it is determined that there exists a substantial risk of imminent personal injury or other serious or irreparable harm, the grievance is handled on an emergency basis, which allows for expedited processing of the grievance by responding directly to the offender.   *Id.*   Inmates may further submit certain types of grievances directly to the Administrative Review Board, including grievances related to protective custody, psychotropic medication, and certain issues relating to facilities other than the inmate's currently assigned facility.   *Id.* at § 504.870.

## Discussion

The Court deems all material facts as presented by Defendants undisputed because Plaintiff failed to file a response to the pending motion for summary judgment despite being provided ample time and opportunity to do so.   *See* Fed. R. Civ. P. 56(e).   Further, Local Rule 7.1(c) provides that a party's "[f]ailure to timely file a response to a motion may, in the Court's discretion, be considered an admission of the merits of the motion."

There are six grievances in the record relevant to Plaintiff's claims that Defendant Lackey does not dispute exhausted all available administrative remedies.   However, as asserted by Defendant Lackey, these grievances do not name or otherwise described Lackey or her alleged conduct at issue in this lawsuit.   Indeed, in these grievances, there is no mention of Plaintiff's alleged interactions with Lackey that occurred on May 21, 2021 and August 2, 2021.   While grievances must contain factual details regarding each aspect of the inmate's complaint, including the name of each person who is the subject of or who is otherwise involved in the complaint, this condition is tempered in that an offender who does not know the name of each person who is involved in the complaint may simply describe the individual with as much detail as possible.   ILCS § 504.810(c).   The Seventh Circuit has interpreted this as requiring the inmate plaintiff to identify names only to the extent practicable.   *See Glick v. Walker*, 385 F. App'x 579, 582 (7th Cir. 2010).   In his grievances, Plaintiff makes no mention of any person who the Court could presume to be Defendant Lackey as there is no reference to the actions allegedly taken by Lackey in these grievances.   As such, the grievances in the record failed to put the prison on notice that Plaintiff was complaining about any action taken by Defendant Lackey related to the allegations at issue in Count One.

Defendant Lackey's Motion for Summary for Summary Judgment (Doc. 72) is **GRANTED IN PART**.   Count One against Defendant Lackey is dismissed without prejudice. Defendant Lackey's motion, however, asks that Plaintiff's "claims" against her be dismissed. Defendant Lackey does not specifically address the claims against her for negligence (Count 3) and intentional infliction of emotional distress (Count 5).   To the extent Defendant Lackey seeks dismissal of these claims, her motion is **DENIED**.   These claims remain pending as the PLRA exhaustion requirements do not apply to state law claims.   *See* 42 U.S.C. § 1997e(a); *McDaniel*

*v. Meisner*, 617 F. App'x 553, 556 n.3 (7th Cir. 2015).   The Court notes that it shall exercise supplemental jurisdiction over these claims at this time, *see, e.g.,* 28 U.S.C. § 1367(c)(3), in light of the fact that these state law claims involve the same facts giving rise to the claims remaining in this lawsuit, and that these claims also name two other Defendants who remain in this lawsuit.

## CONCLUSION

Based on the foregoing, the Motion for Summary Judgment filed by Defendant Lackey (Doc. 72) is **GRANTED IN PART AND DENIED IN PART**, and the Motion for Judgment on the Pleadings filed by Defendants Stover and Allison (Doc. 74) is **DENIED**.

Count One against Defendant Lackey is **DISMISSED WITHOUT PREJUDICE**.

Plaintiff proceeds in this matter on the following claims:

| | |
|---|---|
| Count 1: | Eighth Amendment claim against Allison and Stover for exhibiting deliberate indifference to Plaintiff's serious medical needs relating to his May 2, 2021 finger injury. |
| Count 2: | Eighth Amendment claim against Wexford for a policy or practice of failing to provide adequate, qualified medical staff that resulted in a denial of constitutionally adequate medical care for Plaintiff's May 2, 2021 finger injury. |
| Count 3: | State law claim against Allison, Stover, and Lackey for providing negligent medical care for Plaintiff's May 2, 2021 finger injury. |
| Count 4: | State law claim against Wexford for the negligent medical care provided by its employees for Plaintiff's May 2, 2021 finger injury. |
| Count 5: | State law claim of intentional infliction of emotional distress against Allison, Lackey, and Stover related to their provision of medical treatment for Plaintiff's May 2, 2021 finger injury. |

**IT IS SO ORDERED.**

**DATED: August 31, 2023**

s/ *Reona J. Daly*

**Hon. Reona J. Daly**
**United States Magistrate Judge**