**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **JEREMY THOMASON** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 22-cv-834-RJD** |
| | ) | |
| **DALLISON, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

# <u>ORDER</u>

**DALY, Magistrate Judge:**

This matter comes before the Court on Defendants' Motion for Order to Show Cause (Doc. 111) and Plaintiff's Motion for Extension of Time (Doc. 112).  "District courts possess the inherent authority to dismiss a case *sua sponte* for want of prosecution as part of the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases."  *See In re Bluestein & Co.*, 68 F.3d 1022, 1025 (7th Cir. 1995) (citation and internal quotation marks omitted).  "Dismissal for want of prosecution is an undeniably harsh sanction," and the district courts resort to it "only in extreme situations, when there is a clear record of delay or contumacious conduct, or when other less drastic sanctions have proven unavailable."  *Id.* (citation omitted).

Here, Defendants filed their motion for summary judgment on October 28, 2024.  Soon thereafter, Plaintiff was transferred to another facility, and on December 11, 2024, he was granted a first extension of time, up to and including January 13, 2025, to file a response.  (Docs. 101 & 107).  On January 21, 2025, Plaintiff was granted a second extension of time, up to and including

February 21, 2025, to respond to Defendants' motion due to allegedly being unable to access the prison law library.  (Doc.109).   On March 13, 2025, Defendants filed their Motion for Order to Show Cause due to Plaintiff's failure to file a response despite the multiple extensions of time. (Doc. 111).   Defendants asked the Court to issue a show-cause Order for Plaintiff to explain why his case should not be dismissed for failure to prosecute.   On March 25, 2025, Plaintiff filed his third motion for an additional 60-day extension of time to respond to Defendants' Motion for Summary Judgment.  (Doc. 112).   He attributed his failure to file a response to the fact that he was never provided with a Rule 56 Notice, as well as the fact that he was placed in restrictive housing and had no access to his legal materials.

As to Plaintiff's first allegations, the record shows that Defendants filed their Rule 56 Notice contemporaneously with the Motion for Summary Judgment.   (Doc. 101).   Even assuming the Plaintiff never received the Notice, he has acknowledged receipt of the Motion for Summary Judgment and the need to respond to it, as evidenced by his requests for and receipt of two extensions of time to file a response.   Therefore, the alleged lack of receipt of the Rule 56 Notice did not cause Plaintiff any harm and does not justify his failure to file a timely response.

Plaintiff further alleges that between February 3, 2025, and March 16, 2025, he was placed in restrictive housing and did not have access to his legal material.   (Doc. 112, pp. 2-3). However, more than two weeks have passed since Plaintiff's alleged release from restrictive housing, and Defendants' Motion for Summary Judgment has gone unanswered for over five months.   Such a long delay is highly disfavored as it unduly prolongs litigation and can be prejudicial to Defendants.   At the same time, Plaintiff has maintained regular communication with the Court and demonstrated his intention to continue prosecuting this case.   In light of Plaintiff's recent transfer to a new facility and his placement in restrictive housing for a prolonged period,

the Court finds it appropriate to allow Plaintiff a final extension of time, up to and including **April 28, 2025**, to file a response to Defendants' Motion for Summary Judgment.    Accordingly, Defendants' Motion for Order to Show Cause (Doc. 111) is **DENIED**, and Plaintiff's Motion for Extension of Time (Doc. 112) is **GRANTED in part**.    Plaintiff is **WARNED** that, absent extraordinary circumstances, no further extensions will be granted.

**IT IS SO ORDERED.**

**DATED: April 4, 2025**

s/  *Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**